## No. 10,702.

### COMRIE, ET AL. *v*. SWEET, ET AL.

Decided April 7, 1924.

Proceeding for a decree for water for irrigation. Decree for petitioners.

### *Reversed.*

1. WATER RIGHTS—*Developed Water.* One who artificially developes and turns into a natural stream, water which would not otherwise have reached it, may acquire a senior right thereto; but he may not, to the prejudice of senior appropriators, take water which but for his interference inevitably must at some point on the stream reach the natural channel.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. M. J. MAYES, Mr. C. W. DARROW, for plaintiffs in error.

Mr. C. W. TAYLOR, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendants in error were petitioners in the district court for a decree adjudicating to them certain priorities

to the right of the use of water for irrigation. A general adjudication decree in that water district had established all priorities perfected up to that time. This application is for an adjudication of water rights acquired after the date of the former decree. The plaintiffs in error appeared below as protestants and objected to any decree being awarded to the petitioners. Upon a final hearing the court made a decree awarding to the petitioners .82 of a cubic foot of water based upon its finding that such water was developed by the petitioners and added to the natural flow of the stream. The result of the adjudication, as to this amount of water, gave a priority to the petitioners as against the previously adjudicated priorities of the protestants, the headgates of whose ditches were farther down the stream than the headgates of the petitioners, through which this alleged developed and increase water was taken, because, the court said, prior appropriators have no right to water thus added to the stream. The protestants are here with their writ asking a review of the district court decree.

A careful reading of the voluminous record discloses no ground upon which this decree was or could be made. Indeed, the trial court itself, at the conclusion of conflicting evidence, said that the petitioners could not then have a decree for irrigation water and added that, when one asserts a right to use for irrigation water which he has actually added to a natural stream and thereby increased the natural flow, it may be awarded to him, but, until such showing is made upon clear evidence, no decree could pass. Notwithstanding this statement of the court, what is called an interlocutory decree was entered by which the date of the priority claimed was determined, and then the court continued the case to enable petitioners to make further measurements and to collect other evidence which, when completed, might be presented to the court upon a subsequent hearing. The court also permitted the petitioners to make use of this water in the meantime for domestic purposes, although no provision by law in this state has

been made awarding decrees for such purpose under the statute relating to the establishment of rights to water for irrigation, but restricted this right or permission to use for domestic purposes by providing that it should not interfere with any prior adjudicated rights for irrigation. Thereafter an application was made by the petitioners to proceed further with their proof and at the close of this second hearing, which, in our view, in no particular strengthened the case as made at the close of the first hearing, the court entered a final decree approving the temporary or interlocutory decree, and awarded to the petitioners a priority as of August 17, 1920, for .82 of a cubic foot of water per second, whose effect was as above stated.

That one who artificially develops or produces water and adds or turns the same into a natural stream, which water would not in due course otherwise have reached the stream on the surface or in the underlying sands, may acquire a right thereto superior to the adjudicated rights of earlier appropriators of the natural waters of the stream only, may be conceded. When, however, one makes such a claim he should, by clear and satisfactory evidence, prove that the water thus added was produced and contributed by him, and that, if not interfered with and left to flow in accordance with natural laws, it would not have reached the stream. The petitioners base their right, not upon the fact that they produced or developed this water by bringing into the stream water from another watershed, or from springs or by similar means or other sources of supply, but because of the natural surface of the lands in the vicinity, which is more or less rocky and uneven, by some process of diversion thereof into the stream and collecting or assembling it at a certain place in their ditches leading from the stream, waters which would not thus have been there brought to the surface or have been available at such point or points, were not thereby taken from any other appropriators but would go to waste; hence it is added water subject to appropriation as such. The

intake of the ditch or ditches through which the petitioners claim the right to divert the waters thus developed or added, is higher up the. stream than the headgates of the protestants' ditches. When this water, therefore, thus diverted or collected is taken from the stream itself, at one or more places, or from its own branches or sources of supply, to that extent it diminishes the natural flow of the stream, which would have remained in the natural channel had it not been thus, as petitioners claim, added to the stream or ultimately 'appeared therein above protestants' ditches.· In due course of nature this volume, less seepage and evaporation, would have reached the headgate of the ditches of the protestants the plaintiffs in error here. We repeat that the evidence submitted in no sense sustains the burden that was upon the petitioners as claimants of an alleged increase or development of the natural flow of the stream. Necessarily the decree was prejudicial to the superior adjudicated rights of the protestants. The theory of petitioners is untenable and the proof signally fails to establish any rights whatever in the petitioners to the water awarded to them as an increased flow.

In a recent case, *Bieser, et al. v. Stoddard, et al.,* 73 Colo. 554, 216 Pac. 707, a similar attempt was made to get a decree for an artificially developed or added increase to the waters of a natural stream, which was disallowed. The showing in that case was stronger than that of the petitioners in this case. This seems to be an illy disguised attempt on the part of junior appropriators on a stream to claim as their own, waters developed by some mysterious process of accumulation and diversion from the natural stream, itself, or its tributaries, which inevitably must have at some point on the stream reached the natural channel where it would be available to superior claims of consumers below had it not been for the interference or the process of the so-called developers.

The judgment and decree of the district court is, therefore, reversed with instructions to set it aside so far as

concerns the .82 cubic foot of water. The other portion of the decree establishing the rights of petitioners subject to the adjudicated rights of the protestants is not involved here. Whatever rights, however, are decreed to the petitioners by the court must be subject to all the prior adjudications of the protestants set forth in the pleadings.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.