No. 23451.

Lester I. Woodson and Gloria A. Woodson v.
Martha Estelle Ingram.
(477 P.2d 455)

Decided October 26, 1970.

ALBERT COHEN, for plaintiffs in error.

MENIN and HARTHUN, CARL L. HARTHUN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

PLAINTIFFS in error, Lester and Gloria Woodson, were respondents in the district court; defendant in error, Martha Ingram, was petitioner.

On July 6, 1964, when Anita Lynn Ingram was three months old, a hearing was held in juvenile court on a petition of guardianship. The court found that Anita was then living with the Woodsons with the consent of her mother, Martha Ingram, because the mother had multiple sclerosis and was unable to care for the child. Thus the Woodsons, who were not related to the mother, but were personal friends, were appointed guardians. Their guardianship was undisputed until November 15, 1966. On that date an ex parte hearing was held to "dismiss" the petition of guardianship. The Woodsons were not notified of the hearing and were not present. The juvenile court found that Martha Ingram, mother of the child, was now able to care for the child and "dismissed" the petition of guardianship.

After several unsuccessful attempts to regain custody

of her child, Martha Ingram commenced this habeas corpus proceeding on January 6, 1967. The Woodsons filed a return to the petition, alleging that the district court lacked jurisdiction of the subject matter and that it was for the best interest of the child to remain in her present custodial environment. After a three-day hearing, the judge ordered that the writ be made permanent.

The question for this court to decide is whether the district court properly could consider the matter in view of the failure of the juvenile court to give the Woodsons notice of the petition of the mother "to dismiss the proceedings."

The validity of the habeas corpus proceedings was contingent upon the validity of the November 15, 1966, proceedings and the questioned ex parte order of the juvenile court. Hence, the ultimate question is whether the lack of notice to the Woodsons of the pendency of the petition "to dismiss the guardianship" was a denial of "due process" sufficient to deprive the juvenile court of jurisdiction and render its order of "dismissal" void. We hold that it was.

Notice and an opportunity to be heard are basic "due process" requirements under our system of justice. The United States Supreme Court held in *Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62:

"\* \* \* It is clear that failure to give the petitioner notice of the pending adoption proceedings violated the most rudimentary demands of due process of law. 'Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.' [citation omitted]."

Continuing, the court stated:

"The Texas Court of Civil Appeals implicitly recognized this constitutional rule, but held, in accord with its understanding of the Texas precedents, that whatever consti-

68

tutional infirmity resulted from the failure to give the petitioner notice had been cured by the hearing subsequently afforded to him upon his motion to set aside the decree. * * * We cannot agree."

See, also, *White v. Davis*, 163 Colo. 122, 428 P.2d 909.

Accordingly, in the instant situation, the full hearing accorded the Woodsons in the habeas corpus proceedings did not cure the infirmity which resulted from the failure of the juvenile court to give the guardians notice of the petition to dismiss the guardianship proceedings.

The situation presented in this case should not repeat itself, since the children's code now provides the procedure to be followed in these circumstances in this unmistakably clear language:

"No legal custodian or guardian of the person may be removed without his consent until given notice and an opportunity to be heard by the court if he so requests." — 1967 Perm. Supp., C.R.S. 1963, 22-3-15 (5).

For the above reasons, the judgment is reversed and the cause remanded to the district court, with directions to discharge the writ.

The court on its own motion stays its mandate for a period of sixty days to enable the defendant in error, if she elects to do so, to refile a motion in the juvenile court to terminate the guardianship of the plaintiffs in error, after the giving of proper notice.

Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Lee concur.