### No. 27030

**Robert M. Oliver, Olga Oliver, H. T. Masterson, Ulrich K. Goldsmith, Bobra Ballin Goldstein, Wilbur Johnson, Raymond Cordsen, Betty L. Cordsen, Frederic Worden, Robert G. Willemsen, Robert Ferni, and John Ferni, on behalf of themselves and all others similarly situated v. The District Court in and for the County of Boulder, State of Colorado, and The Honorable William D. Neighbors, one of the Judges thereof**

(549 P.2d 770)

Decided May 10, 1976.

Roger E. Stevens, Harriet Templer Moskovit, for petitioners.

Moses, Wittemyer and Harrison, P.C., David L. Harrison, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In this original proceeding, the petitioners seek to prohibit the transfer of their suit for injunctive relief from the District Court in Boulder to the District Court in and for Water Division 1, State of Colorado. The petitioners own property in the vicinity of Glacier Lake, which is a Boulder city reservoir situated north of Nederland in Boulder County. Injunctive relief was sought by the petitioners to prevent the City of Boulder (Boulder) from draining the reservoir. The allegations in the complaint supported claims predicated on the theory of nuisance and breach of covenant. Boulder moved to transfer the suit to the water court on the grounds that the claims and issues raised in the petitioner's suit would be determined in and are relevant to the action which was then pending in the water court. The district judge, relying on our decision in *Perdue v. Fort Lyon Canal Co.*, 184 Colo. 219, 519 P.2d 954 (1974), ordered that the

case be transferred to the water court for determination. We issued a rule to show cause, and we now discharge the rule.

The suit then pending in the water court was filed in December of 1974, eight months prior to the institution of petitioners' suit for an injunction. Boulder filed an Application for Approval of a Plan for Augmentation, Including Exchange, in the water court to secure the right to release water from Glacier Lake into Boulder Creek for the use of downstream irrigators. The suit in the water court also sought a ruling on storage rights and the right of Boulder to take water by exchange at other points in the city's Boulder Creek municipal system for various purposes. Prior to ordering the transfer of the petitioners' suit to the water court, the district court in Boulder reviewed the basis for petitioners' claim that the removal of water from Glacier Lake would result in a breach of a covenant running with the land.

Boulder and the petitioners received the deeds to their respective property interests from a common grantor. The deed to Boulder contained the following covenant:

"That party of the second part (the grantee) agrees to keep said reservoir full of water to the capacity awarded by said decree of the District Court when water is available for said purpose, except at such times as party of the second part is drawing water therefrom for irrigation."

After reviewing this covenant and the pleadings of the parties, the district court concluded:

"[T]he plaintiffs will not be unduly prejudiced by the transfer in light of the defendant's stipulation that the plaintiffs may file late in the water action and that plaintiffs' complaint may be incorporated as their statement of opposition therein. It is the conclusion of the Court that the ends of justice would best be served and duplicitous litigation avoided by granting the motion to transfer this action to the Water Court."

■ That the water court has jurisdiction to hear the petitioners' case cannot be contested. Section 37-92-203(1), C.R.S. 1973, provides:

"There is established in each water division the position of water judge of the district courts of all counties situated entirely or partly within the division. Said district courts collectively acting through *the water judge having exclusive jurisdiction of water matters* within the division, and *no judge other than the one designated as a water judge shall act with respect to water matters in that division.* Water matters shall include only those matters which this article and any other law shall specify to be heard by the water judge of the district courts." (Emphasis added.)

■ The jurisdiction of the water judge is not limited solely to "water matters," but his jurisdiction extends to other matters "implied in the constitution and the statute. Colo. Const. art. VI, § 9(1)." *Perdue v. Fort Lyon Canal Co., supra.* In the *Perdue* case, we held that the water court had jurisdiction not only to determine water priorities and rights, but also

could resolve issues relating to a prior contract which affected the water priorities. We said:

"It is inconceivable to us that the legislature intended to grant the water judge jurisdiction with respect to priorities but to bar him from determining the effect of a prior contract upon the priorities awarded. We hold that this jurisdiction is implied in the constitution and the statute. Colo. Const. art. VI, § 9(1).

"It must be born in mind that the water judge is a district judge and as such, under the Perdue position, would have jurisdiction to determine the effect of the contract. To be sure, venue might properly be in another county than in the county in which the water judge sat. But, absent a venue question, the judge has jurisdiction throughout the state. The Perdues have never raised any venue question, and it is deemed to be waived. When the water judge wears two hats, it would approach an absurdity to say that he must rule in two different actions to bring about the result obtained here." *Perdue v. Fort Lyon Canal Co., supra.*

As in *Perdue, supra*, the district court in this case was cognizant of the fact that the covenant in the original deed, which was the subject of the suit for injunctive relief, would affect the outcome of the suit pending in the water court. The petitioners acknowledged that if the covenant in the deed is upheld the issues pending in the water court would be affected. Thus, the petitioners' suit is ancillary to the civil action in the water court because conditions may be imposed in that case upon the use of the water from Glacier Lake, and the two claims are interrelated. *See also Denver v. Fulton Irrigating Ditch Co.*, 179 Colo. 47, 506 P.2d 144 (1972).

The petitioners' objections as to venue may be readily addressed through the procedures provided in section 37-92-304(4), C.R.S. 1973.

Accordingly, the rule to show cause is discharged.