## No. 79SA374

**Mary E. Strawn, individually and as personal representative of the estate of Clarence A. Strawn, deceased, Kenneth A. Smith, *et al*. v. Merchants Mortgage & Trust Corporation, a Colorado corporation, *et al*.**

(605 P.2d 51)

Decided January 14, 1980.

Arthur L. Fine; Davis, Miner & Barnhill, George F. Galland, Jr.; Tague, Goss, Schilken & Beem, Paul G. Goss; Inman & Flynn, P.C., H. Christopher Clark; Perkins, Goodbee & Heuser, Barkley D. Heuser; Ball and Easley, P.C., Richard C. Kaufman, for petitioners.

Davis, Moorhead & Ceriani, P.C., Gary J. Ceriani, for respondent, Merchants Mortgage & Trust Corporation.

Honorable Joseph N. Lilly, pro se and attorney for respondent, District Court for the Second Judicial District.

*En Banc.*

JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in which we were asked to issue a supervisory order as to a large number of pending cases as was entered in *Southeastern Colorado Water Conservancy District v. Huston,* 197 Colo. 365, 593 P.2d 1347 (1979) (*Huston*). We issued a rule to show cause. Now, after study of the briefs filed after the issuance of the rule and more thorough reflection, we discharge it.

The Woodmoor Corporation (Woodmoor) was a large Colorado recreational land developer. It sold lots in 1972 and 1973, usually obtaining a down payment of 10% and 10-year promissory notes for the remainder. It sold these notes to various buyers, one of whom was the respondent Merchants Mortgage & Trust Corporation (Merchants).

In early 1974 Woodmoor initiated bankruptcy proceedings. Many makers of these notes, including the petitioners here, ceased making payments, claiming that Woodmoor had failed in its commitment to install or arrange for the installation of water and sewer service, electricity, roads, gas and telephone service, and extensive recreational amenities. Merchants brought over 100 actions against makers of notes which became in default. Many of these cases have been settled, but those brought against the 38 persons who are petitioners here[1] are still pending in the district courts of the nine counties in which they were filed. Ten different district judges have denied motions to change the venue from one county to another, and a number of motions for consolidation of cases pending in the same county have been denied.

About 40 of the makers of notes purchased by Merchants, who are not petitioners herein, brought a consolidated action in the District Court of Arapahoe County against Merchants to determine that Merchants was not a holder in due course of the notes given by them and that it took the notes subject to defenses which these makers had against Woodmoor. In

---

[1] A few of these petitioners were permitted to join after the original proceeding was first filed here.

18 separate special verdicts the jury determined that Merchants was not a holder in due course, that the unpaid balance of each note should be cancelled and that these makers of the notes were entitled to the return of amounts already paid. Judgment was entered on these verdicts and is pending on appeal to the Colorado Court of Appeals, in which a major issue is whether there was evidence to support the verdicts which stated that Merchants was not a holder in due course. *Ackmann v. Merchants Mortgage & Trust Corporation,* No. 78-795.

When we issued the rule in this original proceeding, we were nursing the thought that there was a possibility that, under our supervisory power, we might consolidate all the petitioners' cases in one court for a determination of whether or not Merchants was a holder in due course of all the notes or all notes purchased by it after a certain date. Such a determination, we reasoned, might be predicated upon the allegation that when Merchants acquired the notes it had notice of Woodmoor's alleged deceit by concealment of its true financial condition. If Merchants were found not to be a holder in due course of all the notes or all the notes given after a date certain, there might be a very substantial saving in litigation time and expense.

These allegations regarding holder in due course status and Woodmoor's deceit were made in the petition filed at the inception of the proceeding. This petition was accompanied by their brief in which they made the following additional statement:

"[T]he jury might decide that prior to some date, Merchants did not know enough about those facts to put it on notice of Woodmoor's deceit. In such a case, the jury would find against plaintiffs situated before the critical date and in favor of those situated after. But this is a simple line for any trier of fact to draw."

In their reply brief after the rule issued the petitioners effectively "pulled the carpet out from under" the concept which motivated our rule. They there stated:

"Whether Merchants is or is not a *holder in due course* of the Woodmoor notes has nothing to do with the issues on this petition. That question will be considered in due fashion by trial courts and by the Court of Appeals, and it may never reach this Court. On this petition, the only issue is whether there is any defensible reason why the district courts have allowed Merchants to strew dozens of virtually identical law suits among nine different courts, given that such atomization will (1) make it impossible for most petitioners to present their defenses; (2) multiply the burden on the Colorado court system and on jurors; and (3) vastly inconvenience all parties and witnesses." (Emphasis added.)

The petitioners thus removed the keystone of what we thought was their argument.

Aside from this factor, and even if they had retained their original position, we would discharge the rule. At this late date after other note makers brought and tried their cases in *Ackmann, supra,* which is now pending on appeal before the court of appeals, it would be inappropriate for us to exercise our supervisory power to seek a determination by a district court of the holder in due course issue now pending in *Ackmann* in the court of appeals.

We are not here considering whether the trial courts have erred in refusing changes of venue and consolidation of cases.[2]

■ This is not a case for exercise of supervisory powers as in *Huston.* There we consolidated for determination by a single judge certain common, designated questions of *law* involved in a very great many cases. Here, the petitioners originally asked for a determination of *fact* which might be common to a large number of cases, and, when analyzed, were seeking consolidation for one complete trial of all these cases from courts in nine different counties.

In *Huston,* in contrast to the instant proceeding, we perceived ourselves to be confronted with one of the great emergencies in Colorado water law.

There, we assumed that our supervisory powers should be exercised in issuing such a rule only with great care and under extraordinary circumstances. Sufficiently extraordinary circumstances do not exist here.

Rule discharged.

JUSTICE ERICKSON does not participate.

---

[2] As entirely *obiter dicta,* we have not been favorably impressed with the petitioners' arguments that Merchants has harrassed the petitioners by bringing suits in several counties, and we see some possibility from Merchants' brief as to reasons for bringing the several suits in different counties; nor have we been favorably impressed with the arguments that the different district judges have abused their discretion in refusing changes of venue and consolidation.