PIONEER IRRIGATION DISTRICTS OF YUMA COUNTY, COLORADO AND DUNDY COUNTY, NEBRASKA, Plaintiffs-Petitioners-Appellants,

v.

Jeris A. DANIELSON, Colorado State Engineer and Ex Officio Executive Director of the Colorado Ground Water Commission, James R. Clark, Division Engineer in and for Water Division No. 1 and the Colorado Ground Water Commission, Defendants-Respondents-Appellees,

and

Henry A. Bledsoe, et al.,
Entrants-Appellees.

PIONEER IRRIGATION DISTRICTS OF YUMA COUNTY, COLORADO AND DUNDY COUNTY, NEBRASKA, Plaintiffs-Petitioners-Appellants,

v.

William R. SMITH, [Former] Acting State Engineer of the State of Colorado and James R. Clark, Division Engineer in and for Water Division No. 1, Respondents-Appellees,

and

Henry A. Bledsoe, et al.,
Entrants-Appellees.

PIONEER IRRIGATION DISTRICTS OF YUMA COUNTY, COLORADO AND DUNDY COUNTY, NEBRASKA, Plaintiffs-Intervenors-Appellants,

v.

The PEOPLE of the State of Colorado, ex rel. C.J. KUIPER, [Former] State Engineer, and W.G. Wilkinson, [Former] Division Engineer for Water Division No. 1, Plaintiffs-Appellees,

and

Loren F. Dickson & Sons, Inc., Alva C. Deterding, Fix Brothers and Henry Wiltfang, Defendants-Appellees.

No. 81SA360.

Supreme Court of Colorado,
En Banc.

Jan. 24, 1983.

As Modified on Denial of Rehearing
Feb. 22, 1983.

Moses, Wittemyer, Harrison & Woodruff, P.C., David M. Brown, Raphael J. Moses, Boulder, for Pioneer Irr. Districts of Yuma County, Colorado and Dundy County, Neb., plaintiffs-petitioners-appellants and plaintiffs-intervenors-appellants.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Dennis M. Montgomery, Wendy C. Weiss, Asst. Attys. Gen., Denver, for Jeris A. Danielson, Colo. State Engineer and Ex Officio Executive Director of the Colo. Ground Water Com'n, James R. Clark, Div. Engineer in and for Water Div. No. 1 and the Colo. Ground Water Com'n, defendants-respondents-appellees, and William R. Smith, [Former] acting State Engineer of the State of Colo. and James R. Clark, Div. Engineer in and for Water Div. No. 1, respondents-appellees, and The People of the State of Colo., ex rel. C.J. Kuiper, [Former] State Engineer, and W.G. Wilkinson, [Former] Div. Engineer for Water Div. No. 1, plaintiffs-appellees.

Francis A. Benedetti, Wray, for Henry A. Bledsoe, Lucile M. Bledsoe, Robert E. Bledsoe, Bledsoe Ranch Co., a Colo. corp., Bledsoe Cattle Co., a partnership, Sylvia J. Doke, Willard Relph, Duard Fix, Robert H. Cordes, Floyd Renzelman, Ramona Crownover, William Deterding, LeRoy Deterding, John Westerberg, LaVeta P. Countryman, Marion Chapman, Francis A. Benedetti, Marlea Benedetti, and Redi Farms, a partnership, entrants-appellees.

R.C. Stephenson, Wray, for John Osmus, Jack Wakefield, Harvey Pletcher, Gary Newton, Dale Zuege, Gleason Dryden, Dallas Godsey, Melvin Stults, John Kerbs, James Merritt, George Fix, Loren Walter, William Groves, Ronnald R. Akey, Clayton H. Roundtree, Debra J. Roundtree, entrants-appellees.

Vranesh, Raisch & Aron, Michael D. Shimmin, Boulder, for The Central Yuma County Ground Water Management Dist., The Sandhills Ground Water Management Dist., The Frenchman Ground Water Management Dist., and The Marks Butte Ground Water Management Dist., entrants-appellees.

Steven E. Shinn, Yuma, for Frank Cantrall, Opal Cantrall, Benny Cantrall, Diana Cantrall, Norman Hays, and Diane Hays, entrants-appellees.

Kent J. Fennie, Yuma, for John W. Roth, Marvin McDonald, Mill Iron Diamond Cattle Company, a Colo. corporation, Trautman Farms, Inc., a Colo. corporation, KD Farms, Inc., a Colo. corp., Kenneth V. Mitchell, RMR Ranch Co., a Colo. corp., Richard and Beverly Pappenheim, Dean V. Koenig, Dexter L. and Jenny L. Robertson, Kathleen S. Koenig, Big Mac Farms, a Colo. corp., Bruce W. Hall, Ray Gardner, Eugene Beauprez, Big Valley Ranch, Inc., a Colo. corp., Robert Seward, Dean Miller, Richard R. Hemphill, and Gerald R. Koenig, entrants-appellees.

ERICKSON, Justice.

This is an appeal of the decision in three consolidated water cases brought by Pioneer Irrigation Districts against the State Engineer in the District Court in and for Water Division 1. The water court held that it lacked original subject matter jurisdiction to hear cases involving the taking of ground water in a designated ground water basin because of our decision in *State ex rel. Danielson v. Vickroy*, 627 P.2d 752 (Colo.1981). We affirm the water court's dismissal and reiterate our holding in *Vickroy* that the Colorado Ground Water Commission has original jurisdiction in administering designated ground water within the meaning of the Colorado Ground Water

Management Act of 1965, sections 37–90–101 to 141, C.R.S.1973.

## I.

The water practices on Colorado's arid eastern plains and the utilization of the Ogallala aquifer, a ground water resource of significant, but diminishing, capacity which rests under the high plains of Colorado is in issue. As demands on the finite capabilities of the aquifer increase, disputes between surface appropriators and well users arise.

Pioneer Irrigation Districts are surface water appropriators on the North Fork of the Republican River, an interstate stream, in Yuma County, Colorado. Pioneer holds a water right to 50 cubic feet per second (cfs.) of water with a priority date of April 4, 1890. The water is diverted into a canal called the Pioneer Ditch, which runs from Yuma County across the state border into Nebraska. Pioneer's right to divert water in Colorado to irrigate Nebraska lands has been memorialized by the Republican River Compact, an interstate agreement between the states of Colorado and Nebraska. *See* section 37–67–101, C.R.S.1973 (text of Compact). The Compact allows Colorado authorities to control and regulate the water flowing through the Pioneer Ditch.

In 1965, the General Assembly vested control of certain ground water resources in the Colorado Ground Water Commission. *See* The Colorado Ground Water Management Act of 1965, sections 37–90–101 to 141, C.R.S.1973. On May 13, 1966, the Commission established the Northern High Plains Designated Ground Water Basin pursuant to section 37–90–106, C.R.S.1973, which included the entire drainage of the North Fork of the Republican River. The

Basin encompassed the ground water found in the Ogallala aquifer.[1]

In the 1970's, Pioneer grew increasingly concerned about the declining surface flow of the North Fork of the Republican River during the height of the irrigation season. Pioneer believed that ground water pumping was affecting the surface manifestation of the Republican River's water flow by depleting the water table in the area. In 1977, Pioneer asked the State Engineer to shut down operating wells which it believed were interfering with its surface right. The suspected wells never ceased operating and finally, in 1979 and 1980, Pioneer filed a complaint in the water court seeking an order which would require the State Engineer to curtail the pumping of wells. The water court dismissed the cases for lack of subject matter jurisdiction and Pioneer appealed.

## II.

The Colorado General Assembly has recognized the unique nature of ground water in an appropriation state and has modified the prior appropriation doctrine to permit full economic development of designated ground water resources. The Colorado Ground Water Management Act of 1965, sections 37–90–101 to 141, C.R.S.1973 (Management Act). The General Assembly established the Colorado Ground Water Commission, section 37–90–104, to establish, manage, and control designated ground water basins. The designated basins contain so-called designated ground water—that water not tributary to any stream and other water not available for the fulfillment of decreed surface rights. Section 37–90–103(6); [2] *State ex rel. Danielson v.*

---

1. The designation order concluded that:
   "1. The ground water found in the Ogallala—Aluvium aquifer of the drainage area of the Northern High Plains of the State of Colorado is 'designated ground water' as defined in Section 148–18–2(3), C.R.S.1963, as amended, and is ground water which in its natural course would not be available to and required for the fulfillment of decreed surface rights."
   The order further provided that:

"The vested surface water rights within the designated ground water basin are recognized and specifically noted as being without the jurisdiction of the Ground Water Commission and are wholly governed by the provisions of the Republican River compact where applicable or otherwise by the surface water laws concerning tributary waters."

2. Section 37–90–103(6) provides:

*Vickroy,* 627 P.2d 752 (Colo.1981); *Jackson v. State,* 294 F.Supp. 1065 (D.Colo.1968).

The Management Act requires persons desiring to appropriate ground water in a designated ground water basin to make application for a permit to the Ground Water Commission. Section 37–90–107.[3] The Commission has authority to supervise and control the exercise and administration of all rights acquired to the use of designated ground water. Section 37–90–111. Appeals of Commission holdings are made to the appropriate district court. Section 37–90–115, C.R.S.1973; *North Kiowa-Bijou Management District v. Ground Water Commission,* 180 Colo. 313, 505 P.2d 377 (1973).

In *State ex rel. Danielson v. Vickroy, supra,* we resolved many of the initial problems of ground water jurisdiction. The Management Act, with the exception of sections 37–90–136 through 139, relates solely to designated ground water. 627 P.2d at 758; *Larrick v. District Court,* 177 Colo. 237, 493 P.2d 647 (1972). All tributary waters, except that which may be included in the definition of designated ground water,[4] are administered under the Water Right Determination and Administration Act of 1969, sections 37–92–101 to 602, C.R.S.1973 (1969 Act). In *Vickroy* we recognized that the General Assembly envisioned that "underground water," section 37–92–103(11), was in fact tributary to surface flows and could contribute as much to a water right as visible water flows. 627 P.2d 758–60. Unfortunately, it is not easy to compartmentalize ground water as "underground water" or as "designated ground water." The hydrological realities of ground water make categorization a difficult factual issue; the distinction in some cases is only a matter of degree. *See, e.g., Kuiper v. Lundvall,* 187 Colo. 40, 529 P.2d 1328 (1974); *Hall v. Kuiper,* 181 Colo. 130, 510 P.2d 329 (1973); *Kuiper v. Well Owners Association,* 176 Colo. 119, 490 P.2d 268 (1971). Hannay, *Recent Developments in Colorado Groundwater Law,* 58 Den.L.J. 801 (1981). The distinction is important because each type of ground water will be subject to administration under different statutory authority—either by the Commission or by the water courts. Nevertheless, the General Assembly left categorization as a factual matter to be resolved by the Commission when it established designated ground water basins. Section 37–90–106; *State ex rel. Danielson v. Vickroy, supra; Larrick v. District Court, supra.* Likewise, the Commission is the appropriate forum for determining whether disputed ground water is designated ground water located in a designated ground water basin. The burden of proving that ground water within a designated basin is not designated ground water rests with the proponent for exclusion. *State ex rel. Danielson v. Vickroy,* 627 P.2d at 759.

In *Vickroy* we placed initial jurisdiction for determining designated ground water matters exclusively with the Ground Water Commission and said that:

"[I]n the context of a jurisdictional conflict between the commission and a water court [concurrent jurisdiction] would not be conducive to orderliness and would invite forum shopping and premature preemptive filing in an effort to obtain

---

"'Designated ground water' means that ground water which in its natural course would not be available to and required for the fulfillment of decreed surface rights, or ground water in areas not adjacent to a continuously flowing natural stream wherein ground water withdrawals have constituted the principal water usage for at least fifteen years preceding the date of the first hearing on the proposed designation of the basin, and which in both cases is within the geographic boundaries of a designated ground water basin."

3. Section 37–90–107 provides:

"Any person desiring to appropriate ground water for a beneficial use in a designated ground water basin shall make application to the commission in a form to be prescribed by the commission...."

4. The 1969 Act gives the water courts jurisdiction to administer "waters of the state," defined as "all surface and underground water in or tributary to all natural streams within the State of Colorado, except [designated ground water]." Section 37–92–103(13), C.R.S.1973.

the forum perceived by a litigant to be the most advantageous....

"We note as well that the legislature has expressly specified that an application for an initial appropriation of ground water, even if not within the definition of designated ground water, in a designated ground water basin must be addressed to the commission.

\* \* \* \* \* \*

"We consider that it is appropriate as a *matter of policy,* and is consistent with *legislative intent,* to require that *any relief sought which involves the taking of ground water in a designated ground water basin must be sought first through the administrative and judicial channels, as appropriate, prescribed for resolution of questions arising under the Management Act.* We now so hold. Only if such proceedings result in a determination that a water matter is at issue can the jurisdiction of the water court be invoked."

627 P.2d at 759–60 (emphasis added) (footnote omitted). We have also held today in a related case, *Ground Water Commission v. Shanks,* 658 P.2d 847 (1983), that the holding in *Vickroy* should be applied prospectively only.

We also envisioned in *Vickroy* a situation where a water adjudication involved designated ground water and waters of the state:

"There may be situations which will involve a combination of designated ground water and waters of the state.... We do not wish to suggest that in such a situation a procedure consistent with legislative intent could not be fashioned which would permit the matter to proceed in a single court. *See generally Oliver v. District Court,* 190 Colo. 524, 549 P.2d 770 (1976); *Perdue v. Ft. Lyon Canal Co.,* 184 Colo. 219, 519 P.2d 954 (1974). This potential problem should be considered in the context of the facts in which it may arise."

627 P.2d at 760 n. 10. Pioneer asserts now that its case presents an appropriate situation for the unitary procedures envisioned in footnote 10 of *Vickroy.* We disagree.

### III.

■ Pioneer believes that jurisdiction should be left in the water court. Pioneer makes the following arguments. First, Pioneer asserts that it is asking for a construction of its surface priority in relationship with wells drilled long before the designated basin was established. Thus, the water court should resolve any resulting priority conflicts. Pioneer also asserts that the Ground Water Commission has no authority to construe surface water decrees. As a third ground, Pioneer claims that the unitary procedures envisioned in footnote 10 of *Vickroy* are appropriate in this case because numerous issues concerning non-ground water matters are involved which are beyond the Commission's jurisdiction and competence. Thus, for the sake of efficiency and comprehensiveness, Pioneer argues that the water court provides the better forum.

We see merit in many of Pioneer's contentions, but it is clear after *Vickroy* that the Commission must make the initial determination of whether the controversy implicates designated ground water. *See supra* part II. The primary issue is whether the wells which Pioneer seeks to curtail are pumping "designated ground water" or "waters of the state."[5] The Ground Water Commission must make that initial factual determination. If the Commission finds that the ground water is not designated ground water, then the matter must be transferred to the water court. If the Commission finds that only designated ground water is involved, it can make a final resolution. *State ex rel. Danielson v. Vickroy, supra.* Of course, the Commission has no statutory authority under the Management

---

**5.** Section 37–92–501(1), C.R.S.1973:

"The state engineer and the division engineers shall administer, distribute, and regulate the *waters of the state* in accordance with the constitution of the state of Colorado, the provisions of this article and other applicable laws...."

(Emphasis added.)

Act to resolve issues other than those involving designated ground water.

## IV.

The Colorado Ground Water Commission is the forum which has initial jurisdiction to make a determination of whether a ground water matter involves designated ground water. Only after that determination has been made will other procedures consistent with the Management Act and the 1969 Act be entertained. Pioneer should therefore proceed before the Commission for a determination of its claims.

Accordingly, we affirm the water court's dismissal of Pioneer's cause of action.